# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Brit Augborne, III, | Case No. 2:18-cv-02379-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| | **and** |
| Warden Byrns, et al., | **Report & Recommendation** |
| Defendants. | |

Plaintiff Brit Augborne was an inmate at the High Desert State Prison before his release on March 14, 2022.[1] On March 1, 2022—two weeks before Plaintiff's release—the Court set a settlement conference to be held between Plaintiff and Defendants Warden Byrns and Warden Gettier. (ECF No. 32). On March 8, 2022, the Court issued a minute order, noting that Plaintiff was due to be released and ordering Plaintiff to file a notice with the Court on or before April 8, 2022 indicating whether he intended to attend the settlement conference. (ECF No. 33). The Court did not hear from Plaintiff. Plaintiff did not appear at the settlement conference on April 14, 2022. It is unclear whether Plaintiff received the Court's minute order and order setting the settlement conference.

In a separate case—2:20-cv-00295-ART-VCF *Augborne v. HDSP, et al.*—Plaintiff had filed a notice of change of address on March 8, 2022. (ECF No. 20). In his notice, Plaintiff asserted that he was set to be released on March 7, 2022 and provided a new address.[2] (*Id.*). He also requested that the notice of change of address be applied to all his pending cases. (*Id.*).

---

[1] Defendants represented at the April 14, 2022 settlement conference that Plaintiff had been released on March 14, 2022.

[2] It appears that Plaintiff's release was then delayed.

Because it was unclear whether Plaintiff was receiving Court documents, the Court ordered Plaintiff to show cause why the Court should not recommend his case be dismissed for his failure to appear under Local Rule IA 11-8(a) or failure to prosecute his case under Federal Rule of Civil Procedure 41(b). (ECF No. 37). The Court ordered Plaintiff to file an explanation by Thursday, May 5, 2022. (*Id.*). Plaintiff did not respond.

In that order, the Court warned that if "Plaintiff does not respond by [Thursday, May 5, 2022] or does not show good cause for his failure to appear at the April 14, 2022 hearing, the Court will recommend dismissal of this action." (*Id.*). The Court also directed the Clerk of Court to mail Plaintiff a copy of the order along with copies of ECF Nos. 27-33 to Plaintiff at the address he provided in the other case. (*Id.*).[3] Having not received a response from Plaintiff, the Court thus recommends that Plaintiff's case be dismissed.

## ORDER

**IT IS THEREFORE ORDERED** that the Clerk of Court is kindly directed to mail a copy of this order and recommendation and a copy of ECF No. 37 to Plaintiff at the below address:

**Brit Augborne III**
2920 W. 141 Place, Apt. 2
Gardena, CA 90249

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's case be dismissed.

---

[3] The Court notes that, immediately before it ordered Plaintiff to show cause, Plaintiff filed two notices of change of address. (ECF Nos. 35 and 36). In them, he specifies the apartment number in which he is residing. Having not received it, the Court did not include this apartment number in the address to which it directed the Clerk of Court to mail the order at ECF No. 37 and ECF Nos. 27-33. However, the Notice of Electronic Filing for ECF No. 37 was mailed to Plaintiff's address which included the apartment number. Moreover, the Court has not received any mail returned that was mailed to Plaintiff's address not including the apartment number. The Court thus presumes that Plaintiff has been receiving his mail, even it if was mailed to his address without including the apartment number.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 24, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE